UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GEORGE A. DELUCA, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. 2:13-cv-00334-WTL-DKL |
| ) | |
| JOHN OLIVER, ) | |
| ) | |
| Respondent. ) | |

**Entry Directing Payment of Filing Fee and Dismissing Action**

**I.**

The petitioner shall have **through October 18, 2013,** in which to either pay the $5.00 filing fee for this action to the clerk of the court or demonstrate his financial inability to do so.

**II.**

Petitioner George A. Deluca is confined within this District and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). He challenges the validity of his conviction after a jury trial on various charges relating to the operation of a multi-state cocaine and heroin ring, entered in the United States District Court for the Eastern District of Missouri. He was sentenced on March 26, 1996. His conviction and sentence were affirmed on appeal by the Eighth Circuit Court of Appeals. *United States v. Grajales-Montoya,* 117 F.3d 356 (8th Cir. 1997). His petition for writ of certiorari was denied by the United States Supreme Court. *DeLuca v. United States*, 522 U.S. 983 (U.S. Nov. 17, 1997). He filed a motion pursuant to 28 U.S.C. 2255 raising issues of ineffective assistance of counsel. That motion was denied. *See DeLuca v. United States,* 4:01-cv-00164 (E.D.Mo. Aug. 26, 2003). His appeal of that denial was dismissed. No. 03-3789 (8th

Cir. May 21, 2004). He also asserts that he attempted to file a second section 2255 motion to raise *Booker* issues, but that attempt was denied.

As noted, DeLuca now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). His claim is that "the federal government had no jurisdiction in this case." He contends that because the crime was not committed on federal property, the District Court lacked jurisdiction. He argues that the "codes are not law" and therefore he is being imprisoned illegally.

His habeas petition is before the Court for preliminary review pursuant to Rule 4 of the *Rules Governing § 2254 Cases in United States District Courts,* which provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those *Rules* gives this Court the authority to apply the rules to other habeas corpus cases.

A § 2241 petition by a federal prisoner is generally limited to challenges to the execution, not the validity, of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Section 2255 is the "exclusive remedy" to challenge a federal conviction unless that remedy "is inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e). *See Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). If § 2255 offers "one full and fair opportunity to contest" one's conviction, then a § 2241 petition must be dismissed under § 2255(e). *Id.* A "federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Hill v. Werlinger,* 695 F.3d 644, 648 (7th Cir. 2012) (internal quotation omitted).

DeLuca alleges that a section 2255 motion is "inadequate or ineffective" to bring his challenge in this case because he "already exhausted this remedy." This explanation is not sufficient. *Prost v. Anderson,* 636 F.3d 578, 586 (10th Cir. 2011) ("If the rule were otherwise—if the § 2255 remedial mechanism could be deemed 'inadequate or ineffective' any time a petitioner is barred from raising a meritorious second or successive challenge to his conviction— subsection (h) would become a nullity, 'a meaningless gesture.'"); *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir. 2001) ("The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief."); *United States v. Barrett,* 178 F.3d 34, 50 (1st Cir. 1999) ("A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture."); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998) (rejecting the argument that "when the new limitations [on second or successive motions] prevent the prisoner from obtaining relief under 2255, his remedy under that section is inadequate and he may turn to 2241," with this explanation: "That can't be right; it would nullify the limitations.").

DeLuca's habeas claim could have been asserted in his direct appeal. It was not. DeLuca's habeas claim could have been asserted in his first § 2255 motion. It was not. His habeas claim does not qualify for consideration under 28 U.S.C. § 2255(e).

Even if the Court could find otherwise, moreover, DeLuca's habeas claim does not support the relief he seeks because it is frivolous. "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III

permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the "jurisdictional" inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999).

Accordingly, DeLuca's habeas petition is summarily dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/27/2013

Distribution:

George A. DeLuca
37080-054
Terre Haute – FCI
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana